## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

CHARLES HICKS                                                                               PLAINTIFF

VS.                                  No. 4:20-CV-372-KGB-JTR

LUCAS EMBERTON, Sheriff,
Van Buren County, Arkansas, *et al*.                                          DEFENDANTS

### **RECOMMENDED DISPOSITION**

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

Plaintiff Charles Hicks ("Hicks"), an inmate in the Ouachita River Unit of the Arkansas Division of Corrections ("ADC"), filed a *pro se* § 1983 Complaint alleging various unrelated claims against more than fifty Defendants. *Doc. 2*. Hicks subsequently filed an Amended Complaint asserting additional unrelated claims. *Doc. 7*. On November 4, 2020, the Court entered an Order informing Hicks, among

other things, that he could not pursue unrelated claims in one lawsuit, and could only join multiple defendants in one lawsuit if the claims against them arose "out of the same transaction, occurrence, or series of transactions or occurrences," and the claims involved "any question of law or fact common to all defendants." *Doc. 37* (citations omitted). The Court also pointed out that Hicks's allegations were vague, conclusory, and failed to allege any specific supporting facts, and informed him that he must plead facts showing how each named Defendant was personally involved in the alleged constitutional wrongdoing. *Id. at 6*. In light of the above, the Court allowed Hicks thirty days to file a Second Amended and Substituted Complaint to correct the deficiencies in his pleadings. *Id.*

On December 10, 2020, Hicks filed what he captioned as his "Second Amended Complaint" (*Doc. 50*), but the Court ordered that pleading struck from the record, as it did not comply with Rule 8 of the Federal Rules of Civil Procedure or the Court's prior Orders and instead contained "random musings about whom [Hicks] may sue in the future, along with a request for an extension of time" that he had already been granted. *Doc. 51*. The Court allowed Hicks another thirty days to file a proper Second Amended and Subsituted Complaint that complied with all of the directions in the November 4, 2020 Order. *Id.* The December 10, 2020 Order also cautioned Hicks that if he failed to comply with the Court's directions, the Court

2

would recommend dismissal of this action based on Hicks's refusal to state a proper claim for relief and his refusal to prosecute this action. *Id.*

Hicks subsequently filed another Second Amended and Substitued Complaint (*Doc. 52*) as well as a Third Amended Complaint (*Doc. 54*). These Amended Complaints, as best as the Court could decipher, improperly alleged fourteen unrelated claims against multiple defendants. *Doc. 56*. By Order dated April 20, 2021, the Court granted Hicks one final opportunity to file a Substituted Complaint, within thirty days, that: (1) "includes only one factually and legally related claim arising from a specific incident; (2) names only the Defendants who were personally involved in that claim; (3) explains in a direct and concise way, how each of those Defendants personally participated in violating his constitutional rights in connection with that specific incident; (4) explains, in a direct and concise way, which of his specific constitutional righst each named Defendant violated; and (5) describes how he was harmed." *Doc. 56.* Importantly, the Court cautioned Hicks that if he did not file, within thirty days, "a Substituted Complaint that complies with the Federal Rules of Civil Procedure and the instructions in this Order . . . . this case [would] be dismissed, without prejudice." *Id. at 4.*

Hicks has not complied with the Court's April 20, 2021 Order and the time to do so has expired. Despite the many opportunities given to him to correct the deficiencies in his pleadings, and the Court's clear instructions on how to do so,

3

Hicks has repeatedly failed to comply with the Federal Rules of Civil Procedure and has also failed to comply with Local Rule 5.5(c)(2), which states, in relevant part, that "[i]f any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice."[1] Hicks's last communication with the Court was January 19, 2021. Accordingly, his case should be dismissed, without prejudice.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

---

[1] On April 3, 2020, the Court advised Hicks of his responsibilities under Local Rule 5.5(c)(2). *Doc. 3.* The Local Rule provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

DATED this 7th day of June, 2021.

                                                             _____
                                                             UNITED STATES MAGISTRATE JUDGE